*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT JOE HAACK,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2026
1:14 PM

No. 369777
Kent Circuit Court
LC No. 22-010717-FH

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

PER CURIAM.

Defendant was convicted at a jury trial for receiving and concealing property worth more than $1,000 but less than $20,000. During the trial, the owner of the stolen property testified that he paid approximately $1,500 for the two stolen items about five years before the theft; defense counsel failed to cross-examine the owner about the depreciated values of the items or introduce evidence of the values at the time of the theft. Because the failure to introduce evidence of the depreciated values of the items constitutes ineffective assistance of counsel, we reverse defendant's conviction and remand for a new trial.

## I. BACKGROUND

In 2022, defendant was found with a power washer and generator during a traffic stop after the owner of the items reported the theft to police. The owner originally told police that the combined value of the items was $2,100. Defendant was charged with receiving and concealing property worth $1,000 or more but less than $20,000, MCL 750.535(3)(a).

At the jury trial, the owner of the stolen items testified about the approximate values of the power washer and generator. He testified that he paid about $400 for the power washer and about $1,000 to $1,100 for the generator. The owner also testified that he bought both items sometime between 2015 and 2017, so there was most likely some depreciation in value from the time he purchased the items to when they were taken. Defense counsel asked the owner whether it was "possible that these two items today would be worth less than $1,000." The prosecutor objected based on speculation, and defense counsel withdrew the question without waiting for a decision by the trial court on the prosecutor's objection.

-1-

Defense counsel moved for a directed verdict, which the trial court denied in part because a rational trier of fact could conclude that the items were worth more than $1,000. The trial court noted that although no witness presented an appraisal of the items, such a witness was not required and that "just the testimony of the [owner] stating what he believed the value to be is sufficient." During closing arguments, defense counsel emphasized that the value of the stolen items was determined at the time that the items were taken, not at the time that they were purchased, and that the items had depreciated after they were purchased.

Despite successfully requesting jury instructions for the lesser included offense of receiving or concealing stolen property worth at least $200 but less than $1,000, the jury ultimately returned a guilty verdict for the original charge of receiving and concealing stolen property valued between $1,000 and $20,000. Defendant was sentenced to 30 months to 20 years imprisonment and now appeals.

## II. ANALYSIS

On appeal, defendant argues that he was denied the effective assistance of counsel because his trial counsel failed to present evidence of the fair market value of the items at the time of the offense. For ineffective assistance of counsel claims, we review for clear error the trial court's factual findings and de novo questions of constitutional law. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). The Michigan and United States Constitutions guarantee criminal defendants the right to effective assistance of counsel. *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). See also US Const, Am VI; Const 1963, art 1, § 20. To prove ineffective assistance of counsel, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 492 Mich 38, 51; 826 NW2d 136 (2012). See also *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The court must consider the totality of the circumstances from counsel's perspective, affording a strong presumption that counsel's decisions "might be considered sound trial strategy." *Strickland*, 466 US at 689 (cleaned up).

Given the original report of a combined value of $2,100, it is understandable that defense counsel may not have anticipated arguments about the value of the stolen items. Once the owner testified about the lower purchase prices from at least five years before the crime, however, more arguments and evidence should have been explored regarding the depreciation and value of the items at the time of the theft. The owner testified that the items were a generator and power washer purchased at $1,000 to $1,100 and $400, respectively. But, they were purchased at those prices about five years before the theft. When the owner made this testimony, defense counsel should have focused the testimony and evidence on the depreciated value at the time of the theft. See M Crim JI 22.1 ("The test for the value of property is the reasonable and fair market value of the property at the time" of the crime.).

Defense counsel could have introduced evidence of the value of the items at the time of the theft or attacked the prosecutor's evidence of value in several ways. Counsel could have, for example, offered rebuttal to the prosecutor's objection based on speculation, instead of simply withdrawing his question without a decision by the trial court on the objection. Further, defense counsel could have used the owner's "speculation" to defendant's advantage, by asking questions

of the owner suggesting that he had no basis in fact to testify that the combined value at the time of the theft was at least $1,000. And, if defense counsel was surprised by the testimony, a request for a short continuance would have been appropriate; counsel could have gathered and introduced evidence of the equipment's depreciated values and cross-examined the owner with that evidence.

Considering the totality of the circumstances from defense counsel's perspective, it is difficult to see sound trial strategy where counsel would fail to introduce evidence or attack the prosecutor's evidence pertaining to the depreciated values of the stolen items at the time of the crime. Counsel's statements during closing arguments alone were not sufficient to show that previous performance during the trial was sound trial strategy or did not fall below an objective standard of reasonableness.

But for this performance, there is a reasonable probability a different outcome would have occurred. It is common for retail or small-scale commercial equipment like these items to depreciate in value, and given how close the original combined value was to the $1,000 threshold, it is quite possible that their combined value at the time of the crime was well below that threshold. If the jury had received any evidence of the value at the time of the offense, defendant likely would have been convicted of the lesser offense of theft of items between $200 and $1,000.

## III. CONCLUSION

Because defendant received ineffective assistance of counsel, we reverse defendant's conviction without reaching defendant's other arguments on appeal. We remand for additional proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado
/s/ Matthew S. Ackerman